NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID GARRIDO-MEDINA, AKA Javier Ramirez Flores, AKA Samuel Rodriguez Medina,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>    Respondent. | No. 13-73534<br><br>Agency No. A205-311-398<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

David Garrido-Medina, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Even if threats against Garrido-Medina's uncle constituted changed circumstances, the record does not compel the conclusion that Garrido-Medina filed his asylum application within a reasonable period of time. *See* 8 C.F.R. § 1208.4(a); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008) (364-day delay in filing based on extraordinary circumstances not reasonable). Thus, Garrido-Medina's asylum claim fails.

Garrido-Medina argues he suffered past persecution at the hands of local police when he served in the Mexican military, and separately argues he fears persecution from drug cartel members because of his uncle's connection to a cartel member's arrest and death. Substantial evidence supports the BIA's conclusion that Garrido-Medina is not eligible for withholding of removal because he failed to establish a nexus between the harm suffered at the hands of local police and a statutorily protected ground, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by

theft or random violence by gang members bears no nexus to a protected ground"), and because his uncle, mother, and siblings remain in Mexico and have suffered no harm from drug cartel members, *Hakeem v. INS*, 273 F.3d 812, 817 (9th Cir. 2001) (denial of withholding of removal supported by substantial evidence where petitioner's family members remained in country of origin and were not persecuted.) Thus, we deny the petition as to Garrido-Medina's withholding of removal claim.

Further, substantial evidence supports the agency's denial of Garrido-Medina's CAT claim because Garrido-Medina failed to show it is more likely than not that he would be tortured if returned to Mexico. *See Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011) (country reports and testimony insufficient to compel conclusion that petitioner would be tortured).

**PETITION FOR REVIEW DENIED.**